**cc: Letter transmittal, Order and**
**Docket Sheet to LASC, Case No. BC541138**          JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON REVAY,<br><br>           Plaintiff,<br><br>     v.<br><br>HOME DEPOT U.S.A., INC.,<br>and CLAUDE ACHKAR,<br><br>           Defendants. | 2:14-cv-03391-RSWL-AS<br><br>**Order re: Defendants'**<br>**Motion for Summary**<br>**Judgment** [17] |

**INTRODUCTION**

Currently before the Court is Defendants Home Depot U.S.A., Inc. ("Home Depot") and Claude Achkar's ("Achkar") (collectively, "Defendants") Motion for Summary Judgment [17] ("Motion"), requesting judgment in Defendants' favor as to all claims and an award of costs pursuant to Fed. R. Civ. P. 54(d)(1).  Mot. Summ. J. ("Mot."), ECF No. 17.  Defendants' Motion arises out of Plaintiff Clinton Revay's ("Plaintiff") Action against Defendants for California common-law claims of

1

Premises Liability; Negligence; Negligent Hiring,
Supervision, and/or Retention; and Negligent Infliction
of Emotional Distress based on an alleged incident at a
Home Depot store where a Home Depot cart tipped over
onto Plaintiff's foot, injuring Plaintiff.  Compl., ECF
No. 1-1.  This Action was originally filed in the
Superior Court of California for the County of Los
Angeles, but was removed by Defendants on the basis of
diversity jurisdiction.  Notice of Removal ¶¶ 1, 15,
ECF No. 1.  Defendants' removal was not opposed.

The Court, having reviewed all papers submitted and
pertaining to this Motion, **NOW FINDS AND RULES AS
FOLLOWS:** The Court **DENIES AS MOOT** Defendants' Motion
for Summary Judgment [17] and **REMANDS** this Action for
lack of subject matter jurisdiction.

### I. BACKGROUND

**A. Factual Background**

Plaintiff is an individual and resident of
California.  Compl. ¶ 1.  Defendant Home Depot is a
Delaware corporation with its principal place of
business in Atlanta, Georgia.  Notice of Removal ¶ 9.
Defendant Achkar is an individual and resident of
California.  Id. ¶¶ 16, 21; Compl. ¶ 3.  Plaintiff
alleges that Defendant Achkar was at all times relevant
to this Action the general manager of the Home Depot
store where the alleged torts occurred.  Id. ¶ 3.

Plaintiff asserts against both Defendants
California state-law tort claims of Premises Liability;

Negligence; Negligent Hiring, Supervision, and/or Retention; and Negligent Infliction of Emotional Distress. Compl. 6:4-8:13.

Plaintiff alleges that on February 4, 2014, Plaintiff was shopping at a Home Depot store in "Torrance, California,"[1] when he "used a shopping cart" provided by Defendants to "load sheets of drywall and hardy board for purchase." Id. ¶ 8. Plaintiff alleges that after he loaded the cart, "he turned towards the opposite shelf on the same isle to look for other material," and as he "walked towards the opposite shelf, the cart tipped over and landed on his left foot, spilling the sheets of drywall and hardy board on his back." Id. Plaintiff alleges that as a result of the cart's impact on Plaintiff's left foot, Plaintiff "suffered severe and ongoing injuries, including four separate bone fractures and torn ligaments of his left foot." Id. ¶ 9. Plaintiff claims that Defendants are liable to Plaintiff for the injuries he sustained from the cart's impact because Defendants' negligence caused Plaintiff's injuries. Id. ¶¶ 10-23.

**B. Procedural Background**

On April 1, 2014, Plaintiff filed this Action in the Superior Court of California for the County of Los Angeles. Notice of Removal ¶ 1; Compl. 1. On May 1,

---

[1] Plaintiff states the address of the Home Depot store as 14603 Ocean Gate Ave., Hawthorne, CA 90250. Compl. ¶ 3.

2014, Defendants timely removed this Action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.   Notice of Removal 1, ¶ 15.   In the Notice of Removal, Defendants admitted that both Plaintiff and Defendant Achkar are California residents, but argued that Defendant Achkar is a "sham" defendant fraudulently joined by Plaintiff to destroy diversity jurisdiction.   Notice of Removal ¶¶ 16, 18-21.   No opposition to Defendants' Notice of Removal was filed.

On February 2, 2015, Defendants filed the instant Motion for Summary Judgment [17] ("Motion").   The Opposition [19] and Reply [20] were timely filed.

## II. LEGAL STANDARD

**A. Subject Matter Jurisdiction**

Before considering Defendants' Motion for Summary Judgment, the Court has an independent obligation to determine whether it has subject matter jurisdiction over this Action.   Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (stating that because subject matter jurisdiction "'can never be forfeited or waived,'" courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1.   Removal Jurisdiction

Title 28 U.S.C. § 1441 "authorizes the removal of civil actions from state court to federal court when the action . . . could have been brought, originally, in a federal district court." <u>Lincoln Prop. Co. v. Roche</u>, 546 U.S. 81, 83 (2005).  An action may be removed on the basis of diversity jurisdiction if there is complete diversity[2] and no defendant is a citizen of the forum State.  <u>Lincoln Prop.</u>, 546 U.S. at 84.  The party seeking removal bears the burden of establishing federal subject matter jurisdiction.  <u>Ethridge v. Harbor House Rest.</u>, 861 F.2d 1389, 1393 (9th Cir. 1988).  The removal statute should be construed narrowly, against removal jurisdiction and in favor of remand, to protect the jurisdiction of state courts. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941).

    2.  <u>Fraudulent Joinder</u>[3]

    "[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  <u>Morris v. Princess Cruises,</u>

_____

[2] <u>Morris v. Princess Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001) (explaining that "complete diversity of citizenship" means that "each of the plaintiffs must be a citizen of a different state than each of the defendants").

[3] Defendants' Notice of Removal argues that the non-diverse defendant, Achkar, is a "sham" defendant fraudulently joined by Plaintiff to destroy diversity jurisdiction, and, as such, Achkar's California residency should be ignored for purposes of diversity jurisdiction such that diversity jurisdiction is proper.  Notice of Removal ¶¶ 16, 18-20.

1   _Inc._, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Fraudulent

2   joinder" is a term of art: "Joinder of a non-diverse

3   defendant is deemed fraudulent, and the defendant's

4   presence in the lawsuit is ignored for purposes of

5   determining diversity, if the plaintiff fails to state

6   a cause of action against a resident defendant, and the

7   failure is obvious according to the settled rules of

8   the state."  _Id._ (internal quotation marks and

9   alterations omitted).

10      "'Merely showing that an action is likely to be

11   dismissed against the alleged sham defendant does not

12   demonstrate fraudulent joinder.'"  _Sherrill v. G & K_

13   _Servs., Inc._, No. CV 14-7337 PSG (Ex), 2014 WL 6670064,

14   at *2 (C.D. Cal. Nov. 21, 2014).  If there is "'any

15   possibility that the state law might impose liability

16   on a resident defendant under the circumstances alleged

17   in the complaint,'" or in a future amended complaint,[4]

18

19      [4] _Padilla v. AT&T Corp._, 697 F. Supp. 2d 1156, 1159 (C.D.
    Cal. 2009) (in the context of a fraudulent joinder claim, noting
20   that "[e]ven if Plaintiff did not plead facts sufficient to state
    a claim against [the resident defendant], Defendants have not
21   established that Plaintiff could not amend her pleadings and
    ultimately recover" against the resident defendant for the
22   asserted claim); _Ontiveros v. Michaels Stores, Inc._, No. CV
    12-09437 MMM (FMOx), 2013 WL 815975, at *4-*5 (C.D. Cal. Mar. 5,
23   2013) ("The fraudulent joinder rule applies only in cases where
    it is undisputably clear that the plaintiff has not stated a
24   cause of action against the non-diverse defendant, and could not
    if given the opportunity to amend the complaint. . . .
25   Essentially, defendants must show that plaintiff cannot assert a
    claim against the non-diverse party as a matter of law.  A
26   defendant removing based on alleged fraudulent joinder 'must do
    more than show that the complaint at the time of removal fails to
27   state a claim against the non-diverse defendant.'  Rather, the

28

"'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'" Id. (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009)).

The party seeking removal based on fraudulent joinder "bears a heavy burden of proving that the joinder of the in-state party was improper," as there is a general presumption against fraudulent joinder such that fraudulent joinder must be established by "clear and convincing evidence." Id. (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007)). A court may look beyond the pleadings to determine a fraudulent joinder claim, Morris, 235 F.3d at 1068, but the inquiry should be limited to identifying "discrete and undisputed facts" that would preclude plaintiff's claim against the non-diverse defendant as a matter of law. Hunter, 582 F.3d at 1044; see Ontiveros v. Michaels Stores, Inc., No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *4-*5 (C.D. Cal. Mar. 5, 2013).

### III. ANALYSIS

Here, Plaintiff, a California resident, is suing Home Depot, a diverse corporation, and Defendant Achkar, a non-diverse individual. Because Defendant Achkar is a California resident, his presence in the

---

defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." (internal citations omitted)).

lawsuit precludes diversity jurisdiction unless Achkar was fraudulently joined. <u>See</u> <u>Morris</u>, 236 F.3d at 1067.

Defendants' Notice of Removal argues that Achkar is a "sham" defendant fraudulently joined by Plaintiff to destroy diversity jurisdiction, and, as such, Achkar's residency should be ignored for purposes of diversity jurisdiction, making diversity jurisdiction proper. Notice of Removal ¶¶ 16, 18-20.  To prevail, Defendants must show by clear and convincing evidence that all of Plaintiff's claims against Achkar fail and that the "failure is obvious according to the settled rules" of California.  <u>Morris</u>, 235 F.3d at 1067; <u>see</u> <u>Ontiveros</u>, 2013 WL 815975, at *4-*5.

**A. Legal Viability of Plaintiff's Claims Against Achkar**

Upon review of Plaintiff's Complaint, Defendants' arguments for removal, and applicable California law, the Court finds that Defendants have failed to show by clear and convincing evidence that Plaintiff's claims against Achkar fail at all, much less that the failure is "obvious under the settled rules of California law." <u>See</u> <u>Morris</u>, 235 F.3d at 1067.  Plaintiff asserts legally viable allegations of duty,[5] breach,[6]

---

[5] <u>See, e.g.</u>, <u>Ortega v. Kmart Corp.</u>, 36 P.3d 11, 15 (Cal. 2001) (stating that a store owner owes its patrons "a duty to exercise reasonable care in keeping the premises reasonably safe"); <u>Alcaraz v. Vece</u>, 929 P.2d 1239, 1243 (Cal. 1997) (stating that a possessor of land must "'maintain land in their possession and control in a reasonably safe condition'").

[6] <u>See, e.g.</u>, <u>Ortega</u>, 36 P.3d at 15 (stating that reasonable care requires "reasonable inspections" and "care commensurate

causation,[7] and injury[8] against Achkar, and Defendants
have not supplied the Court with any California law
showing otherwise.

**B. Respondeat Superior**

Defendants argue that Achkar is a "sham" defendant
because Achkar's alleged torts were "performed within
the scope of [Achkar's] employment," and "[u]nder the
*respondeat superior* principle, an employer is
vicariously liable for injury caused by an employee's
negligent or tortuous conduct while acting within the
scope of the employment." Id. ¶ 21. Defendants seem
to assert that Achkar is immune from liability for the
alleged torts merely because Achkar was acting within
the scope of his employment or because Home Depot may
be vicariously liable for Achkar's alleged negligence.[9]

---

with the risks involved").

[7] See, e.g., Id. at 15 (noting that allegations of actual or
constructive knowledge can establish causation).

[8] In California, the elements of negligence are "the
existence of a legal duty of care, breach of that duty, and
proximate cause resulting in injury." Castellon v. U.S.
Bancorp, 163 Cal. Rptr. 3d 637, 640 (Ct. App. 2013).

[9] In some specific contexts, such as involving insurance
agents or a breach of an employment contract, an agent can be
immune from liability for some actions when acting within the
scope of the agency relationship. See, e.g., Mercado v. Allstate
Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003) ("It is well
established that, unless an agent or employee acts as a dual
[insurance] agent . . ., she cannot be held individually liable
as a defendant unless she acts for her own personal advantage.");
Hernandez v. Ignite Rest. Grp., Inc., 918 F. Supp. 2d 1086, 1089
(E.D. Cal. 2013) ("The doctrine of the manager's privilege was
developed by California courts in the context of claims alleging
intentional interference with contractual relationship against a

9

<u>See</u> Notice of Removal ¶ 21.  To prevail, Defendants must show that Achkar's alleged immunity is "obvious according to the settled rules of" California law. <u>Morris</u>, 235 F.3d at 1067.

Defendants, who have the "heavy burden" of proving fraudulent joinder by "clear and convincing evidence," have not supplied the Court with *any* California law establishing Achkar's immunity.  The only California law cited by Defendants merely supports the contention that "[u]nder the *respondeat superior* principle, an employer is vicariously liable for injury caused by an employee's negligent or tortuous conduct while acting within the scope of the employment."  Notice of Removal ¶ 21 (citing Cal. Civ. Code § 2338; <u>Lobo v. Tamco</u>, 105 Cal. Rptr. 3d 718, 720 (Ct. App. 2010)).

But the fact that Home Depot may be vicariously liable for Achkar's alleged negligence does not, by itself, establish Achkar's *immunity*.[10]  The doctrine of

---

supervisor who made a decision to fire a plaintiff."); <u>Huynh v. Vu</u>, 4 Cal. Rptr. 3d 595, 604 (Ct. App. 2003).
    Here, Defendants did not supply the Court with any California authority granting immunity to an agent for the types of acts alleged in this Action.

[10] <u>See</u> <u>Vreeland v. Target Corp.</u>, No. C 09-5673 MEJ, 2010 WL 545840, at 4* (N.D. Cal. Feb. 11, 2010) (holding that, when a plaintiff sued both Target and the manager of the Target store where she slipped and fell, that "there [was] not an obvious failure to state a cause of action against [the store manager], and [the store manager's] joinder was not fraudulent" because plaintiff alleged that the store manager "ha[d] a duty to keep the floor safe and that her alleged failure to do so caused [plaintiff's] injuries," which was a "properly stated . . . claim of negligence" against the store manager, even though

respondeat superior is a "doctrine of imputed liability," not a doctrine of immunity. <u>Rosenthal & Co. v. Commodity Futures Trading Comm'n</u>, 802 F.2d 963 (7th Cir. 1986); <u>see</u> <u>Meyer v. Holley</u>, 537 U.S. 280, 286 (2003).   Defendants have not supplied the Court with any California authority supporting the contention that a corporate store manager is immune from liability merely because the corporation may be held vicariously liable for the manager's negligence.[11]

Defendants have failed to show by clear and convincing evidence that Defendant Achkar is fraudulently joined.   Because Achkar's California

_____

Target could be held vicariously liable); <u>Graunstadt v. USS-Posco Indus.</u>, No. C 10-03225 SI, 2010 WL 3910145, at *3 (N.D. Cal. Oct. 5, 2010) (allowing joinder of a non-diverse employee when plaintiff asserted a claim of fraud against both the non-diverse employee and UPI, the principal company, because "UPI cannot be found liable for fraud [under a respondeat superior theory] without first finding that Brevig [is liable for fraud]," and because "the factual nexus is so great, that denying joinder and forcing plaintiff to seek redress against [the employee] in state court would lead to redundant litigation and potentially inconsistent results and obligations").

[11] <u>See</u> <u>Morcote v. Oracle Corp.</u>, No. C-05-0386 JCS, 2005 WL 3157512, at *7 (N.D. Cal. Nov. 23, 2005) (noting that the movant had failed to provide any California law that "stands for the broad proposition that managers may not be sued in tort for actions taken in the scope of their employment"); <u>Calero v. Unisys Corp.</u>, 271 F. Supp. 2d 1172, 1179-80 (N.D. Cal. 2003) (rejecting the movant's "contention that the conduct of managerial employees is absolutely privileged under the doctrine of managerial immunity [in California] if the disputed conduct was within the course and scope of their employment"); <u>EEOC v. Interstate Hotels, L.L.C.</u>, No. C 04-04092 WHA, 2005 WL 885604, at *5 (N.D. Cal. Apr. 14, 2005) (in the context of California tort claims against employer and employees, noting that "individual and vicarious liability will be a fact-intensive analysis" that could not be established early on as a matter of law).

residency destroys complete diversity, the Court does not have subject matter jurisdiction over this Action and must **DENY AS MOOT** Defendants' Motion for Summary Judgment [17].

## VI. CONCLUSION

Based on the foregoing, the Court **DENIES AS MOOT** Defendants' Motion for Summary Judgment [17] and **REMANDS** this Action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: March 19, 2015

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge